IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDIN ODONIEL LEIVA PINTO,<br><br>Petitioner,<br><br>v.<br><br>JL JAMISON, *in his official capacity as Warden of Federal Detention Center in Philadelphia*, et al.,<br><br>Respondents. | CIVIL ACTION<br><br>NO. 26-646-KSM |

## ORDER

**AND NOW**, this 4th day of February, 2026, upon consideration of Petitioner Edin Odoniel Leiva Pinto's Petition for Writ of Habeas Corpus (Doc. No. 1) and Motion for Temporary Restraining Order (Doc. No. 2), the Court finds as follows:

1. Petitioner, a citizen of Honduras, entered the United States without inspection "[a]t some point in the year 1998, and was not encountered by agents of" U.S. Customs and Border Protection ("CBP"). (*Id.* ¶ 19.) Petitioner then settled in this District, where he lives with his wife, a Deferred Action for Childhood Arrivals receipt, and his "two [ ] US citizen children" and prior to the events that gave rise to this instant petition "never had any contact with agents of the Department of Homeland Security" ("DHS"). (*Id.* ¶¶ 20, 21.) Petitioner also states he is the beneficiary of a pending I-130 Petition filed by his sister on his behalf. (*Id.* ¶ 22.)

2. On or about January 31, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") in a "service station" after "experiencing a flat tire" while "on his way to work." (*Id.* ¶ 23.) He was arrested pursuant to a July 8, 2025 DHS policy instructing all ICE employees to consider anyone inadmissible under 8 U.S.C. 1182(a)(6)(A)(i)—*i.e.*, all those

who, like Petitioner, entered the United States without admission or inspection—subject to detention without eligibility for bond, regardless of whether they are attempting to enter the country or have been present here for years. (*Id.* at ¶¶ 10–17); *see also* ICE, Interim Guidance Regarding Detention Authority for Applicants for Admission (July 8, 2025), https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last accessed February 3, 2026). Petitioner is currently detained at the Federal Detention Center ("FDC") in Philadelphia, Pennsylvania. (*Id.* ¶ 23.)

3. On February 2, 2026, Petitioner filed the instant Petition, in which he argues that habeas relief is warranted because his continued detention is in violation of the Immigration and Nationality Act ("INA"), the bond regulations promulgated pursuant to the INA, the Administrative Procedure Act ("APA"), and the Due Process Clause of the Fifth Amendment. (*Id.* at ¶¶ 24–43.) The Government[1] opposes[2] the Petition, arguing that the Court should deny habeas relief because: (1) the Court lacks jurisdiction to intervene in Petitioner's removal proceedings; (2) Petitioner has not exhausted administrative remedies; (3) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (4) his detention does not offend due process. (*See* Doc.

---

[1] Petitioner names five government officials and one government agency as respondents: (1) JL Jamison, Warden of the FDC; (2) Brian McShane, Acting Philadelphia Field Office Director for ICE; (3) Todd Lyons, Acting Director of ICE; (4) Kristi Noem, Secretary of DHS; (5) Pamela Bondi, United States Attorney General; and the DHS (collectively, the "Government"). (Doc. No. 1 ¶¶ 4–9.)

[2] In lieu of a comprehensive response to the Petition, the Government has filed a Letter Brief "conced[ing] that this matter . . . is legally and factually similar to other [recent Section 2241] cases in this District . . . [and the Government] incorporate[s] the arguments made in those cases into this letter brief to preserve them for appeal." (Doc. No. 7 at 1.) As such, this Order describes and discusses the Government's arguments that have been put forth in four recent cases before this Court. *See Rodrigues Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025); *Hussain v. O'Neill*, No. 26-cv-35, 2026 WL 66891 (E.D. Pa. Jan. 8, 2026); *Kourouma v. Jamison*, 26-cv-182, 2026 WL 120208 (E.D. Pa. Jan. 15, 2026).

No. 7.) For the reasons discussed below, these arguments fail.[3] And this Court joins the hundreds of other courts that have found DHS's mandatory detention policy violates the INA and the Due Process Clause of the Fifth Amendment in the context presented here.[4]

4. First, the Court has jurisdiction to consider the merits of the Petition. As relevant here, 28 U.S.C. § 2241 authorizes federal district courts to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(c). And although the INA limits the Court's jurisdiction over certain immigration matters, none of the provisions identified by the Government—8 U.S.C. § 1252(a), (b)(9), and (g)—strip the Court of jurisdiction in this case. (*See* Doc. No. 7.) Section 1252(a)[5] does not strip the Court of jurisdiction because Petitioner is not challenging a *discretionary* decision. *See, e.g.*, *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *4 (E.D. Pa. Nov. 14, 2025) (citing *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025). Section 1252(b)(9)[6] does not strip the Court of jurisdiction because the question before the Court—whether a bond hearing is required prior to detention—is "collateral to the removal process." *Cantu-Cortes*, 2025 WL 3171639, at *1; *see also, e.g.*, *Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018) (plurality); *E.O.H.C. v. Secretary*,

---

[3] As all counsel agree that the Court can decide the issues raised in the Petition on the papers and without a hearing, the matter is now fully briefed and ripe for resolution. (*See* Doc. Nos. 1, 7.)

[4] Because the Court finds that Petitioner's detention violates the INA and the Fifth Amendment, we need not decide whether it also violates the INA's implementing regulations or the APA.

[5] Section 1252(a)(2)(B)(ii) states that "[n]otwithstanding any other provision of law . . . , including section 2241 of Title 28, or any other habeas corpus provision . . . , no court shall have jurisdiction to review . . . any . . . decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii).

[6] Section 1252(b)(9) provides that "no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision" to review "questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States," unless review is sought of a final order. 8 U.S.C. § 1252(b)(9).

3

*U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 185–86 (3d Cir. 2020); *Khalil v. President*, No. 25-2162, 2026 WL 111933, at *12 (3d Cir. Jan. 15, 2026) (explaining that the plurality's "reading defines the proper scope of Section 1252(b)(9)").[7] And Section 1252(g)[8] does not strip the Court of jurisdiction because Petitioner is not challenging the Government's authority to *commence* or *adjudicate* his potential removal proceedings. *See Reno v. Am.-Arab Anti-Discrimination*

---

[7] The Third Circuit's opinion in *Khalil*, which was released last month, does not change our conclusion. In *Khalil*, the petitioner was a lawful permanent resident in the United States, and a vocal advocate of Palestinian human rights. 2026 WL 111933, at *1. The Secretary of State determined that he was removable under an INA provision that allowed removal of a noncitizen whose "presence or activities in the United States . . . would have potentially serious adverse foreign policy consequences." *Id.* at *2. The petitioner was arrested and later served with a notice to appear which charged him as removable under the foreign-policy provision and on the alternate ground that he "procured" his status as a lawful permanent resident "by fraud or by willfully misrepresenting a material fact." *Id.* The petitioner sought habeas relief in federal district court. *Id.* He challenged the government's actions as the product of an unlawful policy of targeting immigrants for pro-Palestinian speech, challenged the foreign policy provision as unconstitutionally vague, claimed the fraud charge against him was retaliatory, and claimed his detention was impermissibly punitive. *Id.* at *3. The district court agreed and granted the Petition. The Third Circuit vacated that ruling, holding that Section 1252(b)(9) stripped the district court of subject matter jurisdiction. *Id.* at *15. The court distinguished its prior opinion in *E.O.H.C.*, finding that the petitioner's challenge to his ongoing detention was not "wholly collateral to the removal process," but instead "inextricably linked to it" and therefore, capable of consideration on a petition for review ("PFR") of a final order of removal. *Id.* at *9 (quotation marks omitted); *id.* at *10 (finding that "addressing any of [the petitioner's] claims would require deciding whether removing Khalil would be unlawful—the very issue decided through the PFR process").

Unlike the challenge to detention in *Khalil*, Petitioner's challenge here is not "inextricably linked" to his potential removal proceedings. Petitioner does not argue that his confinement is unlawful because the government's removal action is itself invalid. *Cf. id.* at *11 ("Though Khalil also challenges his detention, his arguments against it are identical to his arguments against removal."). Nor does Petitioner challenge the Government's broader authority to detain him pending a final decision on removal. Instead, he challenges the Government's authority to detain him *without a bond hearing*. This question is not "the very issue decided through the PFR process," nor is it capable of review once the immigration courts issue a final order on removal. *See id.* at *12 (distinguishing two cases that "challenged only the length of confinement without a bond hearing, a claim that does not get channeled into the PFR review process"); *cf. id.* at *11 ("Because the arguments Khalil has offered to challenge the detention necessarily challenge the government's decision to commence removal proceedings, the PFR court will be able to review those legal questions once the Board enters a final order of removal." (quotation marks omitted)).

[8] Section 1252(g) states that "notwithstanding any other provision of law . . . . , including section 2241 of Title 28, or any other habeas corpus provision . . . , no court shall have jurisdiction to hear any clause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

4

*Committee*, 525 U.S. 471, 482 (1999); *see also, e.g., Demirel*, 2025 WL 3218243, at *3; *Kashranov*, 2025 WL 3188399, at *3; *Cantu-Cortes*, 2025 WL 3171639, at *1.

5.  Second, Petitioner is not required to exhaust his administration remedies because exhaustion would be futile. *See Lyons v. U.S. Marshals*, 840 F.3d 202, 205 (3d Cir. 1988). On September 5, 2025, the Board of Immigration Appeals ("BIA"), the appellate body of the immigration courts, issued a precedential decision adopting a broad reading of 8 U.S.C. § 1225(b)(2) and holding that an immigration judge has no authority to consider a bond request from any individual who entered the United States without admission. *See In re Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025); *In re Q. Li*, 29 I. & N. Dec. 66 (BIA 2025). Because immigration judges are bound by the BIA's holdings in *Yajure Hurtado* and *Q. Li*—and therefore, *must* deny requests for bond hearings from detainees like Petitioner—it would be futile for Petitioner to request a bond hearing before an immigration judge and appeal the inevitable denial to the BIA before seeking review in federal court. Accordingly, this Court joins the overwhelming number of courts who have waived the exhaustion requirement in identical circumstances. *See, e.g., Demirel*, 2025 WL 3218243, at *4; *Kashranov*, 2025 WL 3188399, at *4; *Cantu-Cortes*, 2025 WL 3171639, at *1.

6.  Third, the Court finds that Petitioner is detained pursuant to 8 U.S.C. § 1226(a),[9]

---

[9] Section 1226 authorizes the detention of noncitizens "pending a decision on whether the alien is to be removed from the United States." *Id.* § 1226(a). But unlike a noncitizen detained under Section 1225, a noncitizen detained under Section 1226 may be released while they await a decision on removal. *Id.* (granting the Attorney General discretion to either detain the noncitizen *or* to release the noncitizen on bond or conditional parole). Immigration authorities are tasked with the "initial custody determination, after which the noncitizen may request a bond hearing before an immigration judge." *Kashranov*, 2025 WL 3188399, at *1 (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)). "At the hearing, the noncitizen 'may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community.'" *Id.* (quoting *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019)). If released, the bond remains subject to revocation. *See* 8 U.S.C. § 1226(b) (providing that the Attorney General may "at any time revoke" the noncitizen's "bond or parole . . . , rearrest the alien under the original warrant, and detain" them).

not § 1225(b)(2),[10] and therefore, the Government's refusal to provide a bond hearing violates the INA and due process. When an applicant for admission is apprehended after being present in the United States for nearly *thirty years*, like Petitioner here, they are not "actively 'seeking admission'" at the time of their arrest, so Section 1225(b)(2) does not govern their detention. *Demirel*, 2025 WL 3218243, at *4; *see also, e.g.*, *Kashranov*, 2025 WL 3188399, at *6; *Cantu-Cortes*, 2025 WL 3171639, at *2. Instead, their detention is governed by Section 1226, which "grants the Attorney General discretion to detain or release a noncitizen on bond while removal proceedings are pending." *Kashranov*, 2025 WL 3188399, at *5. Courts have held that the right to a bond hearing is not merely statutory, but constitutional: "When the Government detains an alien under Section 1226, the alien has due process rights, including a right to an individualized detention and a bond hearing." *Id.*; *see also, e.g.*, *Patel v. McShane*, No. 25-cv-5975, 2025 WL 3241212, at *2 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307, at *1 (E.D. Pa. Nov. 19, 2025); *Demirel*, 2025 WL 3218243, at *5; *Cantu-Cortes*, 2025 WL 3171639, at *2. Because ICE's mandatory detention of Petitioner without a bond hearing violates the INA and the Due Process Clause of the Fifth Amendment, habeas relief is warranted. 28 U.S.C. § 2241(c)(1), (3); *see also, e.g.*, *Kashranov*, 2025 WL 3188399, at *8.

---

[10] Section 1225 governs the inspection of "applicants for admission," a phrase broadly defined as any noncitizen who is "present in the United States who has not been admitted or who arrives in the United States." *See* 8 U.S.C. § 1225(a)(1), (b)(1), (b)(2). Section 1225(b) divides applicants into two categories. *Id.* § 1225(b). First, Section 1225(b)(1) provides for the inspection of aliens "arriving in the United States and certain other aliens who have not been admitted or paroled." *Id.* § 1225(b)(1). And Section 1225(b)(2) governs the "[i]nspection of other aliens," stating that "[i]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending a removal proceeding. *Id.* § 1225(b)(2)(A).

For those reasons, it is **ORDERED** that the Petition is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

2. The Government shall **RELEASE** Petitioner from custody immediately. Counsel shall certify compliance with this Order by filing on the docket no later than **5:00 p.m.** on **February 4, 2026**.

3. The Government is temporarily enjoined from re-detaining Petitioner for **seven (7) days** following his release from custody.

4. If the Government pursues re-detention of Petitioner after that seven-day period, it must first provide him with a bond hearing, at which an immigration judge shall determine whether detention is warranted pending the resolution of Petitioner's removal proceedings. Pending that bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such request must include an explanation for the request as well as the proposed destination. The Court will then determine whether to grant the request and permit transfer.

5. **IT IS FURTHER ORDERED** that Petitioner's Motion for Temporary Restraining Order (Doc. No. 2) is **DENIED as MOOT**.

6. The Clerk of Court shall mark this matter **CLOSED**.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*
_____
KAREN SPENCER MARSTON, J.